# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO COLON, | 1:10-cv-01642-GSA-PC |
| Plaintiff, | ORDER FOR PLAINTIFF TO SHOW CAUSE WHY DEFENDANT ZIA SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECT SERVICE |
| v. | |
| DR. ZIA, et al., | (Doc. 15.) |
| Defendants. | THIRTY DAY DEADLINE |

**I.  BACKGROUND**

Francisco Colon ("Plaintiff") is a prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 10, 2010. (Doc. 1.) On October 6, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

This action now proceeds on Plaintiff's First Amended Complaint filed on January 13, 2011, against defendant Dr. K. Zia ("Defendant"), for inadequate dental care in violation of the Eighth Amendment.[1] (Doc. 9.) On October 6, 2011, the United States Marshal ("Marshal") filed a return

---

[1] Plaintiff named only one defendant, Dr. Zia, in the First Amended Complaint. (Doc. 9.) Therefore, Dr. Zia is the only defendant in this action. However, the case title assigned initially, Colon v. Zia, et al., remains the same.

1

of service unexecuted, indicating the Marshal was unable to locate Defendant for service of process. (Doc. 15.)

**II.   SERVICE BY UNITED STATES MARSHAL**

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

*__Background__*

On April 18, 2011, the Court issued an order directing the Marshal to initiate service of process upon Defendant in this action. (Doc. 12.) On May 19, 2011, the Marshal filed a return of service unexecuted as to Defendant. (Doc. 13.) The return of service indicated that on April 21, 2011, the Marshal mailed a summons and complaint to Defendant at Avenal State Prison ("ASP"), at the address provided by Plaintiff. Id. On May 16, 2011, the Litigation Coordinator at ASP

///

reported to the Marshal that Defendant is retired from employment at ASP and is not listed in the California Department of Corrections and Rehabilitation's ("CDCR") database. Id.

On September 16, 2011, the Court issued an order directing the Marshal to again attempt to locate and serve Defendant, using the assistance of the CDCR's Legal Affairs Division. (Doc. 14.) The Marshal's second attempt to locate and serve Defendant was unsuccessful, and on October 6, 2011, the Marshal filed a return of service unexecuted indicating that the Marshal mailed the summons and complaint to Defendant on September 23, 2011, and the mail was returned by the U.S. Postal Service with a notation "Attempted, not known." (Doc. 15.)

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Zia should not be dismissed from the action at this time for inability to serve process. Plaintiff has not provided sufficient information to identify and locate Defendant for service of process, and the Marshal was unable to locate Defendant using the assistance of the CDCR's Legal Affairs Division. If Plaintiff is unable to provide the Marshal with additional information, Defendant Zia shall be dismissed from the action, which will result in the dismissal of this action in its entirety.

### III. CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Zia should not be dismissed from this action pursuant to Rule 4(m); and

2. The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Zia from this action and the dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated:   October 17, 2011                    /s/ Gary S. Austin
                                             UNITED STATES MAGISTRATE JUDGE