UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO COLON, | 1:10-cv-01642-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT (Doc. 17.) |
| v. | |
| DR. ZIA, et al., | ORDER DISMISSING DEFENDANT ZIA FROM THIS ACTION FOR FAILURE TO EFFECT SERVICE |
| Defendants. | ORDER DISMISSING CASE |
| | ORDER DIRECTING CLERK TO CLOSE CASE |

## I.   RELEVANT PROCEDURAL HISTORY

Francisco Colon ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on September 10, 2010. (Doc. 1.) On October 6, 2010, Plaintiff consented to Magistrate Judge jurisdiction in this action, and no other parties have made an appearance. (Doc. 5.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

Plaintiff filed the First Amended Complaint on January 13, 2011.[1] (Doc. 9.) The Court screened the First Amended Complaint pursuant to 28 U.S.C. § 1915A and issued an order on April 4, 2011, finding that Plaintiff stated a cognizable claim against defendant Dr. Zia ("Defendant"), for inadequate dental care in violation of the Eighth Amendment. (Doc. 10.) On April 18, 2011, the Court directed the United States Marshal ("Marshal") to initiate service of process upon Defendant. (Doc. 12.) On May 19, 2011, the Marshal filed a return of service unexecuted, indicating the Marshal was unable to locate Defendant for service of process. (Doc. 13.) On September 16, 2011, the Court directed the Marshal to initiate re-service upon Defendant using the assistance of the Legal Affairs Division of the California Department of Corrections and Rehabilitation ("CDCR") to locate and serve Defendant. (Doc. 14.) On October 6, 2011, the Marshal filed a return of service unexecuted, indicating the Marshal was unable to locate Defendant for service of process with the assistance of the Legal Affairs Division. (Doc. 15.) On October 17, 2011, the Court issued an order to show cause, requiring Plaintiff to respond in writing why Defendant Zia should not be dismissed for failure to effect service. (Doc. 16.) On November 16, 2011, Plaintiff filed a response to the Court's order to show cause and a motion for leave to amend. (Doc. 17.)

## II.    MOTION FOR LEAVE TO AMEND – RULE 15

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). In this case, Plaintiff has previously amended the complaint. Therefore, Plaintiff may not amend the complaint without leave of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). However, courts "need not grant leave to amend where the

///

---

[1] Plaintiff named defendants Dr. Zia, Dr. Malan, Dr. Lindquist, and Does 1-10 in the original Complaint but omitted Dr. Malan, Dr. Lindquist, and the Doe defendants in the First Amended Complaint.

1 amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
2 delay in the litigation; or (4) is futile." Id.

3     Plaintiff seeks leave to file a Second Amended Complaint for the purpose of adding new
4 defendants, including members of the Dental Authorization Review Committee, on the theory of
5 *respondeat superior*, for their responsibility for dental policies and procedures, training, and
6 supervision of the dental delivery system. Plaintiff also seeks to add the appeals staff "and other
7 involved parties" as defendants. Motion, Doc. 17 at 3:11-17.

8     Leave to amend may be denied if the proposed amendment is futile or would be subject to
9 dismissal. Saul v. United States, 928 F.2d 829, 843 (9th Cir. 1991). However, before discovery is
10 complete, a proposed amendment is "futile" only if no set of facts can be proved under the
11 amendment that would constitute a valid claim or defense. Miller v. Rykoff-Sexton, Inc., 845 F.2d
12 209, 214 (9th Cir. 1988).

13     Amendment of the complaint to add defendants on a theory of *respondeat superior* would
14 be futile, because liability may not be imposed on supervisory personnel under section 1983 on the
15 theory of *respondeat superior*. Each defendant is only liable for his or her own misconduct. Iqbal,
16 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A supervisor
17 may be held liable only if he or she "participated in or directed the violations, or knew of the
18 violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989);
19 accord Starr v. Baca, 633 F.3d 1191, 1197 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570
20 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th
21 Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997). Therefore, to the extent that
22 Plaintiff seeks to amend the complaint to impose liability upon new defendants on the theory of
23 *respondeat superior*, the proposed amendment is futile.

24     With respect to Plaintiff's proposal to add the appeals staff as defendants, Plaintiff is advised
25 that defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for
26 relief under section 1983 for violation of due process. "[A prison] grievance procedure is a
27 procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow,
28 997 F.2d 494, 495 (8th Cir. 1993) (citing Azeez v. DeRobertis, 568 F. Supp. 8, 10 (N.D. Ill. 1982));

see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). "Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the Fourteenth Amendment." Azeez, 568 F. Supp. at 10; Spencer v. Moore, 638 F. Supp. 315, 316 (E.D. Mo. 1986). Actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. Buckley, 997 F.2d at 495. Thus, since he has neither a liberty interest, nor a substantive right in inmate appeals, Plaintiff cannot state a cognizable claim against new defendants for the processing and/or reviewing of his 602 inmate appeals.

Plaintiff also seeks to add "other involved parties" as defendants. Motion, Doc. 17 at 3:15-17. Plaintiff has not sufficiently identified these proposed defendants or described the nature of his claims against them. Without more, the Court is unable to determine whether Plaintiff is able to state a valid claim or defense with the addition of these parties.

Based on the foregoing, the Court finds that no set of facts can be proved under Plaintiff's proposed amendment that would constitute a valid claim or defense. Therefore, Plaintiff's proposed amendment is futile, and his motion to amend shall be denied.

## III. RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff argues that Defendant Dr. Zia should not be dismissed from this action for failure to effect service because the Marshal has not conducted a diligent search to locate Defendant Zia for service of process. Plaintiff requests the Court to direct the Marshal to investigate records of the Department of Justice, Federal Bureau of Investigation, CDCR, and State of California to find identifying information to locate and serve Defendant Zia.

### *Rule 4*

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

///

4

> But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

      The Marshal has made two attempts in this action to locate and serve defendant Dr. Zia, without success. In the first attempt, the Marshal used the information provided by Plaintiff, which was insufficient. During the second attempt, in compliance with the Court's order, the Marshal enlisted the assistance of the Legal Affairs Division of the CDCR, and attempted to serve Dr. Zia at another address, without success. The Marshal has thus performed his duties under Rule 4 in attempting to locate and serve Defendant Dr. Zia. The Marshal is not required to make a search of every government database to identify and locate a defendant. Plaintiff is responsible for providing the Marshal with sufficient information to serve the defendants in his case. As noted above, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

      Plaintiff was forewarned in the Court's order to show cause that if he was unable to provide the Marshal with additional information, Defendant Zia would be dismissed from the action, which

would result in the dismissal of this action in its entirety. (Doc. 16 at 3:13-14.) Plaintiff has not provided any additional information to assist the Marshal in locating and serving Defendant Zia. Therefore, Defendant Zia shall be dismissed from this action for failure to effect service, and this action shall be dismissed in its entirety.

**IV.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend the complaint is DENIED;
2. Defendant Dr. Zia is DISMISSED from this action for failure to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure;
3. This action is DISMISSED in its entirety for Plaintiff's failure to effect service upon the sole defendant to this action; and
4. The Clerk of Court is DIRECTED to close this case.

IT IS SO ORDERED.

Dated:   **December 2, 2011**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE